# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN DAVIS,**

    **Plaintiff,**

v.                                                              **Civil Action No. 1:15cv235**
                                                              **(Judge Keeley)**

**B. VON BLANCKENSEE, Warden,**
**T. TOMKINS, Unit Manager,**
**L. HARPER, Case Manager,**

    **Defendants.**

## REPORT AND RECOMMENDATION

On December 21, 2015, Plaintiff initiated this case by filing a *pro se* civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). This case is before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 2.

### I. BACKGROUND[1]

On August 24, 2011, Plaintiff was charged in a four-count multi-defendant Indictment that was filed in the Southern District of Indiana. Plaintiff was charged in Count 1 with conspiracy to distribute 500 grams or more of methamphetamine (mixture), in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Count 4 charged Plaintiff with possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k). Plaintiff was not named in any additional counts. On October 19, 2011, a seven-count Superseding Indictment was filed adding additional defendants and counts

---

[1] The information contained in this section is taken from Plaintiff's criminal case: 1:11-cr-00155-SEB-TAB (Southern District of Indiana) available on PACER.

relating to those defendants. The Superseding Indictment did not change the charges relating to Plaintiff.

On May 3. 2012, a plea hearing was held, and the Court accepted Plaintiff's plea and adjudged him guilty of Counts One and Four as charged in the Superseding Indictment. On July 30, 2012, the Court held a sentencing hearing. The Court sentenced Plaintiff to 120 months in prison, to be followed by five years of supervised release. In addition, the Court recommended that Plaintiff be placed at the medical facility in Lexington, Kentucky, and be allowed to participate in the residential drug abuse program, employment opportunities, educational opportunities, and be given credit time for his stay at the Volunteers of America ("VOA").

On March 20, 2013, Plaintiff filed with the sentencing court a "Motion to Enforce Sentencing Directive and for Entry of an Order Directing BOP to Comply with Sentencing Order." In this motion, Plaintiff alleged that the BOP's calculation of his release date was three months too long. Plaintiff requested that the Court enter an order specifically directing the BOP to precisely adopt the Court's sentencing determination that he is entitled to an additional three month sentencing credit reducing the BOP's release date calculation of July 4, 2021. On June 17, 2013, the sentencing court entered an order denying Plaintiff's motion. In so doing, the court noted that although Plaintiff did not explicitly say so, he appeared to complain that, although it was recommended to the BOP that he be given credit time for the days spent at the VOA post-sentencing while awaiting designation to the BOP, the BOP chose not to give him such credit on his sentence. Although acknowledging that it had, in fact, recommended to the BOP that Plaintiff be given "credit time" for the post-sentencing days he spent at the VOA; the court acknowledged that its recommendation was simply that—a recommendation. The court then noted that district courts have no authority to order the BOP to give

2

sentenced prisoners credit time under 18 U.S.C. § 3585 (b) because the authority to give credit time rests exclusively with the Attorney General through the BOP after a defendant is sentenced – not by a district court at the time of sentencing.

## II. **COMPLAINT**

Plaintiff's complaint amounts to a recitation of the Motion to Enforce Sentencing Directive which he filed with the sentencing court as outlined above. Plaintiff alleges that the Judgment and Commitment is normally used by the BOP to make a proper decision in placing inmates and crediting their proper imprisonment time. Plaintiff alleges that this was not done in this case, and the sentencing court was ignored. Plaintiff further alleges that staff at FCI Morgantown, where he is currently incarcerated, refused to send his request for his sentence to be re-computed to the sentencing calculation center in Grand Prairie, Texas. Plaintiff alleges that he clearly is owed 84 days of credit against his sentence for the time he spent in "lock-down" at the VOA until he arrived at his designated prison. Plaintiff then notes that he recognizes that this court cannot order the BOP to credit proper time, but it can award monetary damages in such a case. Accordingly, for relief, Plaintiff seeks $1000.00 per day from each of Defendants for the 84 days that he alleges he has been unconstitutionally denied credit against his 120 months sentence. In addition, Plaintiff asks that this court ask the BOP to allow him to be transferred to Lexington, Kentucky as originally requested by the sentencing judge.

## III. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits

brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed. R. Civ. P. 12(b)(6) is not automatically frivolous. See Neitzke, 490 U.S. at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

This case should be dismissed because Plaintiff has no chance of success. In Heck v. Humphrey, the Supreme Court of the United States found:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus . . .

512 U.S. 477, 487 (1994). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

---

[2] Id. at 327.

4

Since the date of that decision, the Heck holding has been applied to a variety of other constitutional challenges which relate to the fact or duration of confinement. For instance, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the principles in Heck to a challenge to the constitutionality of a prison disciplinary proceeding that resulted in a loss of good time credit. Additionally, in Brown v. Sanders, No. 96-6740, 1997 WL 103721 (4th Cir. Mar. 10, 1997), the Fourth Circuit Court of Appeals, applying Heck, found that a plaintiff could not recover damages for a challenge to a parole decision that had not been previously invalidated. Pertinent to this case, several courts have also applied the holding in Heck to a prisoner's challenge to the calculation of his sentence. See Neff v. MCI-H, No. 03-7955, 2004 WL 1205693 (4th Cir. June 2, 2004) (upholding Heck dismissal of claim that DOC miscalculated the prisoner's release date); Caesar v. BOP, 532 F.Supp.2d 1 (D. D.C. 2008) (Bivens claim for monetary damages based on miscalculated release date is barred if plaintiff cannot show sentence calculation previously found to be invalid); Clemente v. Allen, 120 F.3d 703 (7th Cir. 1997) (Bivens action challenging calculation of sentence is barred by Heck where plaintiff has failed to show that sentence calculation has been declared invalid).

Here, Plaintiff requested that the sentencing court order the BOP to award him credit for the time spent in the VOA as recommended in the Judgment and Commitment Order. However, as the sentencing court correctly noted, its recommendation was simply a recommendation, and district courts do not have the authority to order the BOP to award the requested credit on his sentence. In addition, a search of PACER reveals that Plaintiff has never filed a habeas petition pursuant to 28 U.S.C. § 2241 challenging the BOP's calculation of his sentence. Therefore, his sentence calculation has never been invalidated, and Plaintiff is barred by Heck from seeking damages under Bivens for

the alleged miscalculation of his sentence.

In addition, to the extent Plaintiff seeks an Order from this Court directing the BOP to transfer him to Lexington, Kentucky as originally requested by the sentencing judge, said relief is unavailable. See Meachum v. Fano, 427 U.S. 215 (1976) (the transfer of a convicted and sentenced inmate is within the sound discretion of the BOP); see also 18 U.S.C. § 3621(b) (the BOP shall designate the place of an inmate's confinement).

### IV. Recommendation

In consideration of the foregoing, it is recommended that Plaintiff's complaint be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e) and 1915A for the failure to state a claim upon which relief may be granted. It is further recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 2] be **DENIED AS MOOT**.[3]

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985);

---

[3] The undersigned would note that as of December 17, 2015, Plaintiff had a balance of $1421.23 in his inmate account with average monthly deposits of $582.76 in the six months preceding the filing of his complaint. In addition, his average daily balance in the preceding six months was $1,026.27. Accordingly, in the event that the Court were to decline to adopt this R&R, the undersigned would then recommend that his IFP motion be denied, and that he be ordered to pay the $400.00 filing fee by a date certain.

United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

It is so **ORDERED**.

DATED: December 23, 2015

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE