IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**STEPHEN DAVIS,**

    **Plaintiff,**

v.     //     CIVIL ACTION NO. 1:15CV235
    (Judge Keeley)

**B. VON BLANCKENSEE, Warden,
T. TOMKINS, Unit Manager, L. HARPER,
Case Manager,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING CASE

On December 21, 2015, the pro se plaintiff, Stephen Davis ("Davis"), filed a federal civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) (Dkt. No. 1). Davis claims that the defendants, all employed by the Bureau of Prisons ("BOP") at Federal Correctional Institution Morgantown ("FCI Morgantown"), denied him due process by failing to send his request for 84 additional days of time served credit to the BOP. Id. at 8-9. On December 23, 2015, the Honorable Michael J. Aloi, United States Magistrate Judge, issued a report and recommendation ("R&R"), which recommended that the Court dismiss Davis's complaint (Dkt. No. 6). Davis objected to the R&R on January 6, 2016 (Dkt. No. 9). For the reasons that follow, the Court **ADOPTS** the R&R, **OVERRULES** Davis's objections, and **DISMISSES WITHOUT PREJUDICE** the complaint.

**DAVIS V. BLANCKENSEE**  1:15CV235

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING CASE

### BACKGROUND

On August 24, 2011, a federal grand jury in the United States District Court for the Southern District of Indiana indicted Davis on one count of conspiracy to distribute 500 grams or more of methamphetamine, and one count of possession of a firearm with an obliterated serial number (Dkt. No. 6 at 1).[1] Davis pleaded guilty to both counts on May 2, 2012. Id. at 2. On July 30, 2012, the district court sentenced Davis to 120 months of imprisonment and recommended that he be designated to the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Id. It also recommended that he receive credit for his stay at a lockdown facility operated by the Volunteers of America ("VOA"). Id.

Despite the sentencing judge's recommendations, the BOP did not credit Davis for time served at the VOA. Id. Consequently, on March 20, 2013, Davis moved the sentencing court to enforce its "directive" that he be given credit for his time at the VOA. Id. The sentencing court denied Davis's motion, acknowledging that its recommendation was not enforceable as to the BOP. Id. at 2-3. Davis's projected release date is July 4, 2021. See Federal Bureau

---

[1] Although a superseding indictment was filed on October 19, 2011, it did not result in additional charges for Davis (Dkt. No. 6 at 1).

2

**DAVIS V. BLANCKENSEE** 1:15CV235

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING CASE**

of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/ (last visited May 19, 2016).

On December 21, 2015, Davis filed a Bivens complaint in this Court, seeking monetary damages of $1,000 per day for the 84[2] days he claims the BOP failed to credit toward his sentence (Dkt. No. 1-1 at 3). He also asks the Court to "again ask the BOP" to allow him to transfer to FMC Lexington. Id.

On December 23, 2015, Judge Aloi recommended that the Court dismiss Davis's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A for failure to state a claim (Dkt. No. 6). The R&R concluded that Davis is ineligible to collect damages for the alleged violations of his constitutional rights, and that the BOP has the sole discretion to designate an inmate and award credit for time served. Id.

On January 6, 2016, Davis objected to the R&R, challenging the applicability of the case law cited in the R&R and reiterating that his claim is a due process challenge to the prison officials at FCI Morgantown, whom he claims failed to forward his request to the BOP

---

[2] Davis alternatively argues that the BOP owes him credit for 83 days (Dkt. No. 1 at 10) and 84 days (Dkt. No. 1-1 at 3). For consistency's sake and to give Davis the benefit of the doubt, the Court will use the time period of 84 days.

3

## MEMORANDUM OPINION AND ORDER ADOPTING
## REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING CASE

(Dkt. No. 9). The matter is now fully briefed and ripe for disposition.

### STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979). Because Davis objected to the R&R, the Court will review the same de novo.

### APPLICABLE LAW

The Court is obligated to review civil complaints "in which a prisoner seeks redress from a governmental entity or officer or employer of a governmental entity" as soon as possible after it is docketed. 28 U.S.C. § 1915A(a). During that review, the Court must identify cognizable claims or dismiss the complaint, in whole or in part, if the complaint (1) is frivolous, (2) is malicious, (3) fails to state a claim upon which relief may be granted, or (4) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING CASE**

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Frivolous claims include those "whose factual allegations are 'so nutty,' 'delusional,' or 'wholly fanciful' as to be simply 'unbelievable.'" McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (quoting Gladney v. Pendleton Corr. Facility, 302 F.3d 773, 774 (7th Cir. 2002); Denton v. Hernandez, 504 U.S. 25, 29 (1992)). See Denton, 504 U.S. at 32 ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless[.]'").

Fed. R. Civ. P. 12(b)(6) authorizes courts to dismiss a claim when as a matter of law "it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations." Neitzke, 490 U.S. at 327 (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (internal quotation marks omitted)).

## ANALYSIS

The R&R recommended that Davis's complaint be dismissed for failure to state a claim because he "has no chance of success." (Dkt. No. 6 at 4). Davis first attacks the R&R's reliance on Heck v. Humphrey, 512 U.S. 477, 487 (1994), for the proposition that a federal civil rights plaintiff cannot recover damages for allegedly

5

unconstitutional actions without meeting certain requirements. Davis argues that Heck, "an Indiana [s]tate [c]ourt [c]ase that consisted of a complaint that two prosecutors and a state investigator engaged in unlawful and unreasonable and arbitrary investigation," "is in no way applicable" to his case (Dkt. No. 9 at 1).

While the factual scenario in Heck is distinguishable from the facts in Davis's case, Heck nonetheless stands for the proposition that a § 1983[3] plaintiff must prove that his conviction has been (1) reversed on direct appeal, (2) expunged by executive order, (3) declared invalid by a state tribunal, or (4) called into question by a federal court's issuance of a writ of habeas corpus in order to recover damages for allegedly unconstitutional conviction or imprisonment.  512 U.S. at 486-87.  That the allegedly unconstitutional actions in Heck differ from those alleged by Davis is of no moment — "[a] claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983."  512 U.S. at 487 (emphasis in original).

---

[3] Although Heck was a § 1983 case, courts routinely apply its holding to Bivens cases. See, e.g., Morrison v. Holding, 539 F. App'x 272, 273 (4th Cir. 2013) (per curiam) (expressly applying Heck to a Bivens claim). See also Hartman v. Moore, 547 U.S. 250, 254 n. 2 (2006) ("[A] Bivens action is the federal analog to suits brought against state officials . . . .").

**DAVIS V. BLANCKENSEE**                                           **1:15CV235**

**MEMORANDUM OPINION AND ORDER ADOPTING**
**REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING CASE**

Aside from disputing Heck's applicability, Davis does not refute the fact that his allegedly unconstitutional sentence has not been reversed, expunged, invalidated, or called into question as required to qualify for damages under Heck. See Dkt. No. 9. Notably, Davis could have filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 had he thought the BOP improperly calculated his sentence. See 28 U.S.C. § 2241; Major v. Apker, 576 F. App'x 284, 288-89 (4th Cir. 2014) (case brought under § 2241 holding that the BOP had abused its discretion in denying a federal inmate's request for credit toward his federal sentence for time spent in a Bahamian prison prior to his conviction). It is clear that, under § 2241, district courts may review the BOP's ruling on an inmate's request for presentence credit. Major, 576 F. App'x at 288 (citations omitted). Having failed to obtain such a remedy, Davis cannot sue for damages related to his conviction or sentence. See Heck, 512 U.S. at 487.

The Court next considers Davis's request that it order the BOP to designate him to FMC Lexington and give him credit for 84 days of time served. This Court has no power to credit Davis for time served; rather, that authority rests solely with the BOP. See 18 U.S.C. § 3585(b); United States v. Wilson, 503 U.S. 329, 333-35

**DAVIS V. BLANCKENSEE**                                               1:15CV235

**MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 6] AND DISMISSING CASE**

(1992). The BOP also has the sole authority to designate inmates. 18 U.S.C. § 3621(b).

In short, the Court agrees with the magistrate judge that, as a matter of law, Davis cannot obtain the relief sought in his Bivens action. Having found that Davis has failed to state a claim under § 1915A, the Court **OVERRULES** Davis's objections (Dkt. No. 9), **ADOPTS** the R&R (Dkt. No. 6), and **DISMISSES WITHOUT PREJUDICE** the complaint (Dkt. No. 1).

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order; to transmit copies of both orders to counsel of record and to the pro se plaintiff, certified mail, return receipt requested; and to remove this case from the Court's active docket.

Dated:  May 20, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE